**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| L. LUPE KING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-cv-00510-PLC |
| | ) | |
| ST. LOUIS HOUSING AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

L. Lupe King, a self-represented litigant, sues the St. Louis Housing Authority (SLHA) for alleged violations of several federal housing and civil rights statutes. Doc. 5. Having reviewed King's motion to proceed *in forma pauperis*, doc. 4, the Court finds that she is unable to pay the costs associated with this action and therefore grants the motion. But for the reasons set forth below, the Court dismisses King's amended complaint under 28 U.S.C. § 1915(e)(2)(B).

**I.     Background**

King filed her original complaint in April 2025 against SLHA, Carla Matthews, and Tawana Lindsey. Doc. 1. She later filed an amended complaint naming only SLHA as a defendant. Doc. 5. The amended complaint supersedes the original. *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000).

King alleges that she moved into an SLHA-approved apartment in March 2024. Doc. 5 at 11. According to King, SLHA did not complete a pre-occupancy inspection of the unit, and King did not receive any inspection results before taking occupancy. *Id.* After SLHA ignored her repeated requests for a copy of the initial inspection, King contacted the regional office of the Department of Housing and Urban Development. *Id.* She later received a letter from an SLHA

inspector stating that the unit had failed inspection and that she would be required to vacate the apartment if repairs were not completed.  *Id.*

King copied two SLHA employees on every email she sent to her property management company regarding the unsafe conditions and her requests for the inspection results.  *Id.*  Neither employee responded to her communications or provided any guidance or assistance.  *Id.*

King alleges that SLHA's failure to inspect the unit and respond to her communications resulted in displacement, periods of homelessness, and various financial losses.  *Id.*  She also claims that the unsafe living conditions and lack of support caused her emotional distress and exacerbated her disability symptoms.  *Id.*  King seeks $247,500 in damages, as well as declaratory and injunctive relief.  *Id*. at 10.

## II.    Standard

Under 28 U.S.C. § 1915(e)(2), the Court shall dismiss a complaint filed *in forma pauperis* if the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  A plaintiff must demonstrate a plausible claim for relief, which requires more than a "mere possibility of misconduct."  *Id*. at 679.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*. at 678 (citing *Twombly*, 550 U.S. at 556).

2

To determine whether a complaint states a plausible claim for relief, the Court must engage in "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679 (citation omitted).  In doing so, the Court must "accept as true the facts alleged, but not legal conclusions." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (citing *Iqbal*, 556 U.S. at 678).

When reviewing a self-represented litigant's complaint under section 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984) (per curiam), and liberally construes the complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).  A "liberal construction" means that, if the Court can discern "the essence of an allegation," the "[C]ourt should construe the complaint in a way that permits" the Court to consider the claim within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  Even so, self-represented plaintiffs must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).  The Court need not assume unalleged facts.  *Stone*, 364 F.3d at 914–15 (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).  Nor must it interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### III.    Discussion

King invokes the Fair Housing Act, Section 504 of the Rehabilitation Act, Federal Housing Quality Standards, and "any other federal or Missouri law applicable to uninhabitable housing, discrimination, and failure to accommodate." Doc. 5 at 10.  Even liberally construed, her amended complaint fails to state a plausible claim under these provisions.

A.        **The Fair Housing Act and Section 504 of the Rehabilitation Act**

The Fair Housing Act prohibits discrimination in the sale or rental of housing. 42 U.S.C. § 3604.  Similarly, Section 504 of the Rehabilitation Act prohibits disability-based discrimination in programs receiving federal funding.  29 U.S.C. § 794(a).

To state a claim under the Rehabilitation Act, King must allege that she meets the act's definition of "disabled." *See Gorman v. Bartch,* 152 F.3d 907, 911 (8th Cir. 1998).  To be disabled under the meaning of the Act, an individual must have a "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." *Yelder v. Hegseth*, 151 F.4th 943, 953 (8th Cir. 2025) (quoting 42 U.S.C. § 12102(1)(A)–(C)).  King alleges that she experienced "exacerbated anxiety symptoms," but she does not allege anything indicating that her anxiety substantially limits one or more major life activities.  Doc. 5 at 10.  Thus, she fails to state a claim under the Rehabilitation Act.

For similar reasons, King fails to state a claim under the Fair Housing Act.  "The FHAA makes it unlawful to discriminate in housing or make unavailable a dwelling because of a handicap of a buyer or renter."  *Klossner v. IADU Table Mound MHP, LLC*, 65 F.4th 349, 352 (8th Cir. 2023) (citation omitted).  "The FHA definition of 'handicap' and the ADA definition of 'disability' use almost the same language."  *One Love Hous., LLC v. City of Anoka, Minnesota*, 93 F.4th 424, 429 (8th Cir. 2024).  To be handicapped under the meaning of the act, a person must have a "(1) physical or mental impairment which substantially limits one or more of such person's major life activities, (2) a record of having such an impairment, or (3) be[] regarded as having such an impairment." 42 U.S.C. § 3602(h) (citation modified).   Here, the analysis is the same with respect to the Rehabilitation Act.  Again, King alleges "exacerbated anxiety symptoms," Doc. 5 at 10, but

4

she does not allege anything indicating that her anxiety "substantially limits one or more of" her "major life activities." *See also* 42 U.S.C. § 3602(h).  King fails to state a claim under the Fair Housing Act.

### B.    Federal Housing Quality Standards

King also asserts a claim based on SLHA's alleged failure to comply with Federal Housing Quality Standards (HQS) under 24 C.F.R. § 982.401.  Doc. 5 at 3, 10.  She states that SLHA failed to perform the required HQS inspections before she moved in and knowingly placed her in an unsafe environment.  *Id*. at 10.  But federal courts have consistently held that federal housing regulations do not provide a private cause of action.  *See Stroud v. Farr Rentals, LLC*, No. 2:19-CV-95-CDP, 2020 WL 1433644, at *3 (E.D. Mo. Mar. 24, 2020).  Because the regulations do not create a privately enforceable right, King's claims under 24 C.F.R. § 982.401 fail as a matter of law.

### C.    "Any Other Federal or Missouri Law"

Finally, King broadly requests relief under "any other federal or Missouri law applicable to uninhabitable housing, discrimination, and failure to accommodate."  Doc. 5 at 9.  But while the Court must liberally construe self-represented pleadings, it will not "construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Stone*, 364 F.3d at 914–15.  King cannot circumvent the Court's pleading requirements simply by inviting the Court to infer any cause of action that might fit her narrative.  Because King fails to identify a specific legal theory or plead facts that plausibly satisfy the elements of any other distinct cause of action, her catch-all request for relief fails.

5

**IV.    Conclusion**

For these reasons, the Court grants King's motion to proceed *in forma pauperis* and dismisses this action under 28 U.S.C. § 1915(e)(2)(B)(ii).  To the extent King intends to assert state-law claims, the Court declines supplemental jurisdiction after dismissing all federal claims.

Accordingly,

**IT IS HEREBY ORDERED** that King's motion for leave to proceed *in forma pauperis*, Doc. 4, is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

An appropriate Order of Dismissal accompanies this Memorandum and Order.

Dated this 19th day of March, 2026.

_____
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE